UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

Plaintiff,

Case No. 26-cv-12880
HON. MARK A. GOLDSMITH

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al,

Defendants.
_________________________________/

**OPINION & ORDER SUMMARILY DISMISSING COMPLAINT (Dkt. 1) AND DENYING MOTION FOR INJUNCTIVE RELIEF (Dkt. 3)**

Pro se Plaintiff Lamar Burton, presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed this civil rights complaint against Defendants Michigan Department of Corrections, "C/O Sedell" and "C/O Lesher" pursuant to 42 U.S.C. § 1983. For the reasons that follow, Burton's complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted. Because the Court dismisses Burton's complaint, his motion for injunctive relief is denied as moot.

## I. BACKGROUND

Sedell and Lesher are corrections officers at the St. Louis Correctional Facility where Burton is incarcerated. Burton alleges that he told Sedell and Lesher several times that a fellow inmate, "Adams" was being threatened by other inmates who had accused Adams of being a child molester. Compl. at PageID.1. Burton claims Sedell and Lesher did nothing to protect Adams and advised Burton to "stop snitching." Id.

Sometime later, Sedell and Lesher escorted Adams to his cell to pack up his belongings. Id. at PageID.2. Burton claims that Sedell and Lesher walked away from Adams' cell and that while Adams was unguarded, another prisoner approached Adams and the two exchanged words. Id. The dispute escalated to a physical altercation between Adams and the other prisoner. Id. Burton claims that he intervened between Adams and the other prisoner to break up the fight and as a result, he was injured. Id. Burton claims he was falsely charged with a Class I Misconduct for fighting even though all he was attempting to do was break up the fight. Id. Burton was found guilty of the misconduct and lost fifteen days of privileges. Id. at PageID.12.

## II. ANALYSIS

Burton brings claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Id.at PageID.5. He seeks monetary and equitable relief. Id.

Burton is proceeding without prepayment of fees. See 28 § U.S.C. 1915(a); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Because Burton is proceeding without prepayment of fees, the Court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). It states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Id.

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). Sua sponte

dismissal is appropriate if the complaint lacks an arguable basis when filed. McGore, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, Burton must show that: (i) the Defendants acted under color of state law; and (ii) the offending conduct deprived him of rights secured by federal law. Bloch v. Ribar, 156 F. 3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

The Court dismisses Burton's complaint because it seeks relief against a defendant who is immune and it fails to state a claim upon which relief may be granted.

The Michigan Department of Corrections is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment bars Burton's action against it. Harrison v. Mich., 722 F.3d 768, 771 (6th Cir. 2013); Diaz v. Mich. Dep't of Corr., 703 F.3d 956, 962 (6th Cir. 2013); Rodgers v. Mich. Dep't. of Corr., 29 F. App'x 259, 260 (6th Cir. 2002).

Burton also cannot maintain a § 1983 action on behalf of his fellow prisoner, Adams. "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000) (collecting cases). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." Id. Thus, Burton lacks standing to raise § 1983 claims on behalf of other inmates. See Barnett v. Luttrell, 414 F. App'x 784, 787 (6th Cir. 2011).

To the extent that Burton alleges that Sedell and Lesher failed to protect him from injury when he intervened to stop the fight between Adams and the other prisoner, he fails to state a claim for relief. To sufficiently plead a failure to protect claim, a prison inmate must initially show that the failure to protect from risk of harm is objectively "sufficiently serious." Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). The inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." Id. An inmate must also establish that prison officials acted with "deliberate indifference" to an inmate's health or safety. Id. (citing Farmer, 511 U.S. at 834). A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 767 (quoting Farmer, 511 U.S. at 837). Nonetheless, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." Id. (citing Farmer, 511 U.S. at 841–842).

Burton fails to state a claim for relief because he does not allege that any inmates had previously assaulted or threatened him nor does he allege that he informed prison authorities that Adams, the other inmate engaged in the fight, or any other inmates posed a danger to him. "An Eighth Amendment claim will not lie when a plaintiff fails to allege that another inmate threatened him and that he communicated those threats to prison officials." Davis v. Chorak, 624 F. Supp. 3d 870, 880 (W.D. Mich. 2022), aff'd, No. 22-1839, 2023 WL 2487339 (6th Cir. Mar. 14, 2023). There is nothing in the complaint to suggest even remotely that the Defendants were aware that Burton would be injured while attempting to break up a fight. Finally, Burton does not allege that he belongs to a particular class of inmates or displayed a characteristic that made him vulnerable to attacks by predatory inmates in the prison setting. Id. at 881 (citing to Bishop, 636 F.3d at 767–768).

Burton is also unable to maintain an action involving the misconduct ticket. Burton's claim that he was charged with a false misconduct ticket fails because "a prisoner has no constitutional right to be free from false accusations of misconduct." Jackson v. Hamlin, 61 F. App'x 131, 132 (6th Cir. 2003) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." Cromer v. Dominguez, 103 F. App'x 570, 573 (6th Cir. 2004). Burton was provided a hearing on his misconduct ticket. Compl. at PageID.12.

Also, Burton has failed to show that he has any due process right in any prison disciplinary proceeding which results in sanctions less serious than the loss of good time credits or disciplinary segregation. Plaintiff only lost fifteen days of privileges as a result of the misconduct ticket. In Wolff v. McDonnell, 418 U.S. 539, 571–572, n. 19 (1974), the United States Supreme Court

declined to suggest that the minimum due process procedures that it had outlined for the loss of good time credits in Wolff would also be required for the imposition of "lesser penalties such as the loss of privileges." Therefore, "[w]hile the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline." Levi v. Holt, 192 F. App'x 158, 160 (3d Cir. 2006); see also Lutz v. Hemingway, 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007) ("Because the only sanctions that the petitioner received here were the loss of privileges, it is doubtful that he was entitled to any due process procedures with respect to the U.D.C. hearing").

Accordingly, Burton is not entitled to relief on any of the claims in his complaint. Because his complaint is dismissed, Burton's motion for injunctive relief is denied as moot. See Thompson v. Mich. Dep't of Corr., 25 F. App'x 357, 359 (6th Cir. 2002)

In light of the fact that the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Burton would be frivolous and not undertaken in good faith. See Alexander v. Jackson, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## III. CONCLUSION

Burton's complaint is dismissed with prejudice for failing to state a claim upon which relief can be granted (Dkt. 1). His motion for injunctive relief is denied as moot (Dkt. 3). The Court certifies that any appeal would not be undertaken in good faith.

**SO ORDERED**.

Dated: November 17, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager